WESTERN DIST.
Oct. 1838.

BROWN'S EX'R.
vs.
FAULK'S ADM'R.

12L 598
48 101

BROWN'S EXECUTOR *vs.* FAULK'S ADMINISTRATOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

The absence of one of the counsel, where two are employed, cannot be urged by the one present, as grounds for a continuance, because the other is the principal counsel in the case. If it were otherwise, a party could always obtain a continuance, by requesting his principal counsel to absent himself.

This is an action to recover damages from the estate of the late J. M. Faulk, deceased, for neglecting to perform his duty as attorney for absent heirs, in the matter of J. Brown's estate which was opened, and a curator appointed to administer on it in the parish of Ouachita.

The administrator of Faulk's estate pleaded a general denial, and denied specially that the executor of Brown was such at the time, and is without authority to sue.

The suit was put at issue, the 20th November, 1837. The Probate Court holds monthly terms. On the 26th May, 1838, the cause was called for trial. One of the counsel for the plaintiffs was absent, and the other objected to going into trial, on the ground that no time had been fixed for argument, and that the principal counsel was absent. The judge of probates, however, ruled him into trial on the ground that

the petition was drawn up and signed by the attorney present for himself and the other, and that he considered him principal counsel in the case, and had ample time allowed to prepare for trial. The attorney took a bill of exception to the decision of the judge. Judgment was rendered, dismissing the suit.

Western Dist.
Oct. 1838.

Brown's ex'r.
vs.
Faulk's adm'r.

The counsel for the plaintiff moved for a new trial, on the ground that he had been taken by surprise, and that the cause should be reinstated.

2. The judge erred in dismissing the suit as no day had been fixed for the trial.

3. In not allowing time for the plaintiff to show cause for a continuance.

This motion was overruled and the judgment of dismissal made final.

*Downs,* for the plaintiff.

*M'Guire, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendant having filed an exception denying the plaintiff's right to sue as executor, one of the counsel of the latter objected to going into the trial on the day it was called up for argument, on the ground that it was not regularly set down for hearing on that day. The objection being overruled, he moved for a continuance, on the ground that the other counsel was the principal one in the cause, and was absent. The continuance was refused, the case was heard, the exception sustained, and judgment given dismissing the suit. The plaintiff appealed after an unsuccessful attempt to obtain a new trial.

Nothing enables us to say, whether according to the rules of proceeding of the Court of Probates of the parish of Ouachita, it was necessary that the exception should be set down for argument, previous to its being taken up for trial. In the absence of any information on this subject, we are to presume that the court acted correctly.

WESTERN DIST.
Oct. 1838.

The absence of one of the counsel, where two are employed, cannot be urged by the one present as grounds for a continuance, because the other is the principal counsel in the case. If it were otherwise a party could always obtain a continuance by requesting his principal counsel to absent himself.

It appears to us the court did not err. Even if the grounds for a continuance had been verified by affidavit, they would not have sufficed; for otherwise a party could always obtain a continuance by requesting his principal counsel to absent himself.

The motion for a new trial was properly disregarded, as the grounds of it were a mere repetition of those on which the trial of the exception had been opposed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be affirmed with costs.

